**KENNETH LEVENTHAL & COMPANY, Appellant,**

**v.**

**JOYNER WHOLESALE CO., Charles Jacquin Et Cie., Inc., Jos. Schlitz Brewing Co., Joseph E. Seagram & Sons, Inc., Falstaff Brewing Corp., Federal Wine & Liquor Co., American Sales Co., Warren Adler, Ltd., Spaulding Distributing Co., Appellees.**

No. 1205, Docket 84–7007.

United States Court of Appeals, Second Circuit.

Argued May 9, 1984.

Decided May 30, 1984.

Ellen Bass, Washington, D.C. (David B. Isbell, Covington & Burling, Washington, D.C., Joseph B. Valentine, Hughes, Hubbard & Reed, New York City, of counsel), for appellant.

Terry B. Light, McLean, Va. (Kenneth E. Payne, Light & Harrison, McLean, Va., Richard E. Rieder, New York City, of counsel), for appellee Joyner Wholesale Co., Inc.

Edward Wolfe, New York City (Kathryn L. Bedke, White & Case, New York City, of counsel), for appellee Jos. Schlitz Brewing Co.

Joseph A. McManus, Coudert Brothers, New York City, Carl A. Solano, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., on the brief, for appellee Charles Jacquin et Cie., Inc.

Vincent R. Fitzpatrick, White & Case, New York City, on the brief, for appellee Joseph E. Seagram & Sons, Inc.

Charles M. Tomaselli, Dickerson, Reilly & Mullen, New York City, Theodore F. Schwartz, Clayton, Mo., on the brief, for appellee Falstaff Brewing Corp.

David A. Robinson, Baker & McKenzie, New York City, Robert A. Baime, Sills,

Beck, Cummis, Zuckerman, Radin & Tischman, Newark, N.J., on the brief, for appellee Federal Wine & Liquor.

Lionel E. Pashkoff, Finley, Kumble, Wagner, Heine, Underberg & Casey, Washington, D.C., Marshall H. Fishman, Finley, Kumble, Wagner, Heine, Underberg & Casey, New York City, on the brief, for appellee American Sales Co.

Eugene G. Horowitz, Sachs, Greenebaum & Tayler, Chevy Chase, Md., on the brief, for appellee Warren Adler, Ltd.

John Van Der Tuin, Stults & Marshall, New York City, Louis Koutoulakos, Varoutsos & Koutoulakos, Arlington, Va., on the brief, for appellee Spaulding Distributing Co.

Before OAKES, VAN GRAAFEILAND, and PIERCE, Circuit Judges.

PER CURIAM:

Kenneth Leventhal & Co. (Leventhal) appeals from a judgment of the United States District Court for the Southern District of New York, Charles S. Haight, Jr., Judge, dismissing Leventhal's third-party complaint for failure to state a claim for which relief can be granted pursuant to Rule 12(b)(6), Fed.R.Civ.P. Appellees are the nine captioned third-party defendants; most are liquor suppliers and they will be collectively referred to as such. The opinion below is reported *sub nom. Greene v. Emersons*, [Current Transfer Binder] Fed. Sec.L.Rep. (CCH) ¶ 99,579 at 97,267 (S.D. N.Y. Nov. 29, 1983). The somewhat complicated factual setting underlying this dispute is fairly summarized by the district court in an earlier opinion, reported at 86 F.R.D. 47 (S.D.N.Y.1980), familiarity with which is assumed. We affirm.

In the original complaint, a class consisting of shareholders of Emersons, Ltd., brought suit against the company, which operates forty restaurants, its former officers and inside directors, its accountants (Leventhal), and one of its food suppliers. In general the complaint as amended alleges that defendants entered into a common

course of fraudulent conduct designed to inflate artificially the price of Emersons' stock. In particular Leventhal is charged in four counts with securities law violations, common law negligence, and fraud.

In a number of claims in the original complaint, which were subsequently dropped from the amended complaint, plaintiffs had alleged that the liquor suppliers had also participated in this fraud by becoming involved in a kickback scheme with Emersons. The claim was that the liquor suppliers illegally reduced their prices to obtain Emersons' business. We agree with the district court that plaintiffs evidently dropped these claims because they were not compatible with the main thrust of the complaint—that defendants' fraud was intended artificially to *inflate* the price of Emersons' stock. This is so because the effect of the alleged liquor kickback scheme would be secretly to enrich the company, and so would result in the wealth of the company being fraudulently *under* stated.

Leventhal nonetheless sought to bring the liquor suppliers back in the case by impleading them under Rule 14(a), Fed.R. Civ.P., which permits a defendant to implead a third party "who is or may be liable to him for all or part of the plaintiff's claim against him." The district court dismissed the third-party complaint with prejudice because there was no longer in the case any identifiable claim by plaintiff against defendant which involved the third-party defendants as required by Rule 14(a). *Index Fund, Inc. v. Hagopian,* 417 F.Supp. 738, 743–46 (S.D.N.Y.1976). That is, the third party's liability here is neither dependent upon the outcome of the main claim nor is the third party potentially secondarily liable as a contributor to the defendant. 6 C.

Wright & A. Miller, *Federal Practice and Procedure* § 1446 (1971).[1]

Appellant essentially presses two arguments on appeal. The first is that claims against the liquor suppliers do remain in the main case since the liquor suppliers' kickback scheme is still mentioned generally in the complaint. Be that as it may, the fact remains that in the amended complaint no damage is alleged to have been caused by the liquor suppliers—none of the harm that is alleged has anything to do with the kickback scheme. As such appellant's contention that the liquor suppliers may be liable to it for part of plaintiff's claim against it is simply meritless. Whatever the liquor suppliers did, it simply has nothing to do with the harm Leventhal allegedly caused the plaintiffs.

Leventhal's second argument is that if it had known of the kickback scheme, it would have given a more careful audit to Emersons' books, and therefore would have discovered some or all of the unrelated fraudulent practices which make up plaintiffs' complaint against the defendants. Thus, the argument runs, Leventhal's third-party complaint is related to the charges made against it.

The short answer to this argument is that this asserted connection between the impleader and the main action is far too attenuated and implausible to merit our reversing Judge Haight's decision to dismiss the third-party complaint. The decision whether to permit a defendant to implead a third-party defendant rests in the trial court's discretion, *Laffey v. Northwest Airlines, Inc.,* 567 F.2d 429, 477 (D.C.Cir. 1976), *cert. denied,* 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978), and it is hardly an abuse of discretion to dismiss a third-party complaint based upon such a speculative, "but for" causal link. Put another

---

**1.** The district court also rested its dismissal on an alternate ground, holding that in the context of federal securities law violations, a right of contribution exists between joint tortfeasors only when it is proved that they are joint participants in the fraud. *See Stratton Group, Ltd. v. Sprayregen,* 466 F.Supp. 1180, 1185 (S.D.N.Y. 1979); *but see Marrero v. Abraham,* 473 F.Supp.

1271 (E.D.La.1979). As the district court interpreted the law, even if the plaintiffs had still pressed the liquor kickback claim, there would nevertheless be no claim for contribution since concededly Leventhal and the liquor suppliers were not joint participants in the fraud. We do not reach this issue.

way, assuming that a cause of action can be distilled from Leventhal's second argument, it does not directly enough relate that claim to the harm Leventhal allegedly caused the shareholder plaintiffs so as to satisfy the requirements of Rule 14(a). *Index Fund,* 417 F.Supp. at 744.

Affirmed.