The **PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al., Plaintiffs,**

v.

**BMC INDUSTRIES, INC., Defendant.**

**BMC INDUSTRIES, INC., Third-Party Plaintiff,**

v.

The **FIRST BOSTON CORPORATION, Third-Party Defendants.**

No. 85 Civ. 4881 (RWS).

United States District Court, S.D. New York.

Jan. 30, 1987.

SWEET, District Judge.

Third-party defendant The First Boston Corporation ("First Boston") has moved for an order certifying this court's November 12, 1986 opinion, 113 F.R.D. 100, for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The motion is hereby denied.

Under 28 U.S.C. § 1292(b), a district court may certify an order for immediate appeal when the court:

shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immedi-

ate appeal from the order may materially advance the ultimate termination of the litigation. . . .

The November 12 opinion addressed the single issue of whether a defendant sued for rescission of a note agreement can bring a third-party complaint against one who was not a party to the agreement and received no benefits thereunder. Because the resolution of that issue was determinative of First Boston's motion to dismiss, the opinion involves a question of law that is controlling of, if not the action as a whole, at least the third-party claim. *See Castanho v. Jackson Marine, Inc.*, 484 F.Supp. 201, 203 (E.D.Tex.1980), *modified on other grounds*, 650 F.2d 546 (5th Cir.1981); *see also In re Duplan Corp.*, 591 F.2d 139, 148 n. 11 (2d Cir.1978) (the phrase "a controlling question of law" includes a "procedural determination that may importantly affect the conduct of an action"); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir.) (a controlling question of law is "one which would result in a reversal of a judgment after final hearing"), *cert. denied*, 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974); 9 J. Moore, Moore's Federal Practice ¶ 110.22[2], at 259 (1986). Similarly, as this court previously acknowledged, *see* slip op. at 5, this issue is one of first impression in this court, and the language of Fed.R. Civ.P. 14(a) presents substantial ground for difference of opinion with the court's holding.

Nevertheless, an immediate appeal from the November 12 order will not materially advance the ultimate termination of the litigation. Were the third-party complaint held to be improper and subsequently dismissed, BMC Industries, Inc. ("BMC") would doubtless commence a separate lawsuit in this court by filing a complaint against First Boston for the relief requested in the amended third-party complaint. Such an action would be designated a "related action" within the Local Rules of this court and would be transferred to this court's docket. It is then likely that the action would be consolidated with the present one pursuant to Fed.R.Civ.P. 42(a). *See Lyons v. Marrud, Inc.*, 46 F.R.D. 451,

543 (S.D.N.Y.1968). Therefore, the result of a reversal of this court's November 12 opinion would be the identical situation that now exists, with all parties and claims before a single judge. If the actions were not consolidated for trial, the result would be duplicative proceedings before different judges. Neither result would materially advance the litigation of this dispute.

First Boston's motion is therefore denied.

IT IS SO ORDERED.