Henry MCMILLAN

v.

**EQUIFAX CREDIT INFORMATION SERVICES, INC., Associates National Bank, Household Credit Services, Inc., MBNA National Bank, N.A.**

No. 3:99CV1482(JBA).

United States District Court,
D. Connecticut.

July 13, 2001.

Joanne S. Faulkner, Law Offices of Joanne Faulkner, New Haven, CT, Bernard T. Kennedy, Kennedy & Kennedy LLC, Branford, CT, Jayne F. Kennedy, Law Office of Jayne F. Kennedy, Branford, CT, for Plaintiff.

Eric D. Daniels, Brien P. Horan, Dina S. Fisher, Robinson & Cole, Hartford, CT, David L. Hartsell, J. Anthony Love, Mara McRae, Kilpatrick Stockton, Atlanta, GA, Jill Hartley, Eileen C. Moskey, Michael G. Albano, Sabia & Hartley, LLC, Hartford, CT, Richard P. Colbert, Day, Berry & Howard, Stamford, CT, David W. Goldman, Hamden, CT, Kathleen D. Monnes, Jan I. Berlage, Deborah Skelley Russo, Day, Berry & Howard, Joseph A. Moniz, Moniz, Cooper & McCann, Hartford, CT, for Defendants.

## RULING ON DEFENDANT'S MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT [DOC. # 159][1]

ARTERTON, District Judge.

Plaintiff Henry McMillan alleges that Equifax Credit Information Services, Inc. prepared credit reports concerning him which contained several entries which did not belong to him, but rather to other people with the surname "McMillan," and that defendant Associates National Bank, Household Credit Services, Inc. and MBNA National Bank N.A. reported collection information regarding accounts for which plaintiff was not responsible to Equifax and impermissibly accessed his credit report. Plaintiff filed suit in August 1999, claiming that by failing to properly investigate the disputed accounts, reporting inaccurate information and accessing his credit report, defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn.Gen.Stat. § 42–110a et seq., the Consumer Credit Reports Act ("CCRA"), Conn.Gen.Stat. § 36a–695. Plaintiff also asserts a common law claim of defamation of credit against all defendants.[2]

Defendant Associates National Bank ("Associates") moved on February 16, 2001 for leave to serve and file an amended third-party complaint against plaintiff's son, Henry D. McMillan, ("the son") asserting state law claims of intentional and negligent misrepresentation and common law indemnification. According to Associates, but for the son's fraudulent use of plaintiff's personal identifying information and defendant's reliance on such misrepresentations, defendant would not be have reported the Associates account as belonging to plaintiff, and thus would not be defending itself against plaintiff's FCRA and defamation of credit claims. Associates seeks compensatory and punitive damages, including the costs and attorney's fees incurred in defending against the original action, and indemnification for the amount of any judgment awarded against Associates in the original action.

### A. *Subject matter jurisdiction*

■ Plaintiff opposes the motion for leave to file a third-party complaint, arguing that the Court lacks subject matter jurisdiction over the state law third-party claims of intentional and negligent misrep-

---

1. An identical motion was filed in the case *McMillan v. Experian*, 119 F.Supp.2d 84 (D.Conn.2000), also decided today.

2. Plaintiff has settled with all defendants but Associates.

resentation and common law indemnification. However, 28 U.S.C. § 1367(a) provides that "[w]here a district court has original jurisdiction, such court has supplemental jurisdiction over all claims that are so related to claims in an action within such court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. *Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.*" (Emphasis added). Consistent with the Supreme Court's holding in *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), claims over which supplemental jurisdiction is asserted must arise from the same common nucleus of operative fact as the subject matter of the original action.

■ Plaintiff contends that the alleged misrepresentations by the son and the 1999 statutory violations by Associates do not arise from a common nucleus of operative facts; the Court disagrees. Plaintiff's complaint alleges, *inter alia*, that Associates reported to credit reporting agencies accounts of other persons as belonging to plaintiff, or impermissibly accessed his account; one of the mis-attributed accounts identified in plaintiff's complaint is that of a Henry Darryl McMillan, now or formerly of 363 Ellsworth Avenue, New Haven, Connecticut. *See* Compl. at ¶¶ 5, 12. According to the third-party complaint, plaintiff's son, Henry D. McMillan, resides at 363 Ellsworth Avenue, New Haven, Connecticut, and applied to Associates for credit using plaintiff's social security number and date of birth. *See* Third–Party Compl. at ¶¶ 4–7. Accordingly, the Court concludes that the alleged acts of the son are sufficiently related to the original case to provide supplemental jurisdiction over the third-party claims.

### B.  *Rule 14 impleader*

■ In addition to meeting this jurisdictional requirement, defendant must also show that the third-party claims are authorized by Fed.R.Civ.P. 14, which permits a defending party to implead another "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed. R.Civ.P. 14(a); *Bank of India v. Trendi Sportswear, Inc.*, 239 F.3d 428, 438 (2d Cir.2000) ("whether a court has subject matter jurisdiction over a third-party ... is distinct from an assessment of the propriety and merits of an impleader action"). A third-party claim may be asserted when the third party is potentially secondarily liable as a contributor to the defendant or where the third party's liability is dependent upon the outcome of the main action. *See Kenneth Leventhal & Co. v. Joyner Wholesale Co.*, 736 F.2d 29, 31 (2d Cir. 1984). Rule 14 does not itself provide a third-party cause of action, and impleader is permitted only "when a right to relief is cognizable under the applicable substantive law." *Blais Construction Co., Inc. v. Hanover Square Associates–I*, 733 F.Supp. 149, 157 (N.D.N.Y.1990); *see also* 6 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 1446 (1990) ("If ... the governing law does not recognize a right to contribution or indemnity, impleader for these purposes cannot be allowed.").

Associates' third party complaint against the son asserts common law claims of intentional and negligent misrepresentation and indemnification. "Unlike contribution, indemnification does not reallocate a portion of liability; rather, it shifts liability from one party to another." *LNC Investments, Inc. v. First Fidelity Bank*, 935 F.Supp. 1333, 1352 (S.D.N.Y.1996). According to defendant, in the event it is found liable to plaintiff, the son is primari-

ly responsible for causing it to violate the FCRA and thus should be held liable to it. Defendant argues that this Court should follow *Yohay v. City of Alexandria Employees Credit Union, Inc.*, 827 F.2d 967 (4th Cir.1987), which held that the defendant credit union was entitled to indemnification from a third-party employee of the credit union who had caused the credit union to violate the plaintiff's rights under the FCRA. In *Yohay*, the defendant credit union obtained plaintiff's credit report for a purpose not authorized by the FCRA at the request of an employee (the plaintiff's ex-wife); the court found that in requesting the report, the employee was acting solely for her own personal benefit, and concluded indemnification was warranted because the employee was the primary wrongdoer and the credit union was simply a passive participant. 827 F.2d at 973–74.

■■■ Plaintiff takes issue with this analysis, arguing that federal, not state, law governs whether indemnification is appropriate for a violation of a federal statute, and that even if indemnification is an available remedy, the son is not primarily liable for causing Associates to violate the FCRA. Where a third party complaint seeks indemnification or contribution for violation of a federal statute, federal law applies. *See Doherty v. Wireless Broadcasting Systems of Sacramento, Inc.*, 151 F.3d 1129, 1131 (9th Cir.1998) ("A defendant held liable under a federal statute has a right to indemnification or contribution from another only if such right arises: (1) through the affirmative creation of a right of action by Congress, either expressly or implicitly, or (2) under the federal common law."). Courts have found that the FCRA does not provide a right to indemnification. *See Kay v. First Continental Trading, Inc.*, 966 F.Supp. 753, 754–55 (N.D.Ill.

1997) (right to contribution for violations of FCRA is matter of federal law; contribution not an available remedy); *Irwin v. Mascott*, 94 F.Supp.2d 1052, 1058 (N.D.Cal.2000) (no express or implied right to contribution or indemnification under Fair Debt Collection Practices Act).[3]

Even assuming indemnification were an available remedy, the "but for" relationship between plaintiff's claims against Associates and Associates' third-party claims against the son is too attenuated to support impleader under Rule 14. *See Kenneth Leventhal & Co.*, 736 F.2d at 31 (holding that it was not an abuse of discretion for the district court to dismiss a third-party complaint based upon "a speculative, 'but for' causal link"). In *Kenneth Leventhal*, an accounting firm was sued by shareholders of a company who alleged that the accountants and other defendants were responsible for fraudulently inflating the price of the company's stock. *See id.* The accountants then filed a third-party complaint against several liquor suppliers, alleging that they had been involved with a kickback scheme by illegally reducing their prices to obtain the company's business. *See id.* According to Leventhal, "if it had known of the kickback scheme, it would have given a more careful audit to [the company's] books and therefore would have discovered some or all of the unrelated fraudulent practices which make up plaintiffs' complaint against the defendants." *Id.* This asserted relationship, the Second Circuit found, was "far too attenuated and implausible" to require reversal of the district court's dismissal of the third party complaint.

■■■ Unlike the credit union employee in *Yohay*, the son did not actively lead Associates to violate the FCRA's requirements

---

3. The Fourth Circuit in *Yohay* did not address whether indemnification for a violation of the FCRA was governed by state or federal law, and simply applied the state law standard.

of conducting an investigation with respect to disputed information and not accessing credit reports for impermissible purposes. Although Associates may be technically correct that "in the absence of the Son's alleged intentional or negligent misrepresentations, Associates would not be a defendant to Plaintiff's FCRA and defamation claims in the Main Action," Def. Reply at 7, that is only because but for the son's alleged acts, the possibility that Associates would conduct inadequate investigations in response to disputed charges or impermissibly access plaintiff's credit report would never have arisen. Under these circumstances, the Court finds that this "but for" causal connection is too speculative to permit impleader of the son under Rule 14.[4]

Defendant's motion for leave to file third party complaint [Doc. # 159] is therefore DENIED.

IT IS SO ORDERED.

4. The Court also notes that even if Associates' third-party complaint met the requirements of Rule 14, the Court would exercise its discretion to deny the motion because it is untimely and no good reasons have been shown for the delay. Discovery has closed, and the trial date will be set shortly for a case that has been pending for several years already. *See Rodolico v. Unisys Corp.,* 189 F.R.D. 245 (E.D.N.Y.1999).