Chantele DOUCETTE, Plaintiff,

v.

VIBE RECORDS, INC. and Timothy Olphie, Defendants.

Vibe Records, Inc. and Timothy Olphie, Third-Party Plaintiffs,

v.

Sony BMG Music Entertainment, Donnie Ienner; CBS Broadcasting, Inc., Rysher Entertainment, LLC; 2929 Entertainment; The Music Palace Recording Studios, Inc., Michael A. Bona, Paul Scaturro, Anthony J. Douchette, Hit Management, LLC, Patrick J. O'Connell, and John Gore, Third-Party Defendants.

No. 03–cv–02899–ADS–WDW.

United States District Court, E.D. New York.

Dec. 19, 2005.

Cinque & Cinque, P.C., by Robert W. Cinque, Esq., of Counsel, New York, NY, for plaintiff.

Stewart Law Firm (Charmaine M. Stewart & Assocs.), by Nadira S. Stewart, Esq., of Counsel, Rosedale, NY, for defendants Vibe Records, Inc. and Timothy Olphie.

Davis Wright Tremaine, LLP, by Elizabeth A. McNamara, Esq., of Counsel, New York, NY, for 2929 Entertainment, CBS Broadcasting, Inc., and Rysher Entertainment, LLC.

Randolph Z. Volkell, Esq., Merrick, NY, for Michael A. Bona, and The Music Palace Recording Studios, Inc.

Paul Scaturro, Garden City, NY, Pro Se Third–Party Defendant.

Sinnreich, Safar & Kosakoff LLP, by Jo Ann Bodemer, Esq., of Counsel, Central Islip, NY, for Anthony J. Doucette.

Dorsey & Whitney LLP, by Bruce R.M. Ewing, Esq., Marc S. Reiner, Esq., of Counsel, New York, NY, for Donnie Ienner, and Sony BMG Music Entertainment.

Messinger Flaster & Levitz, P.C., by Lori M. Willis, Esq., of Counsel, New York, NY, for Patrick J. O'Connell and Hit Management LLC.

No Appearance, John Gore.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This action was commenced by Chantele Doucette ("Doucette" or the "Plaintiff") against Vibe Records, Inc., and its principal Timothy Olphie (collectively "Vibe" or the "Defendants") for breach of contract, declaratory relief, false advertising, and unauthorized use of image and likeness, arising out of an alleged 1998 recording contract she entered into with the Defendants.

In turn, the Defendants have filed a third-party complaint against Sony BMG Music Entertainment, Donnie Ienner; CBS Broadcasting, Inc., Rysher Entertainment, LLC; 2929 Entertainment; the Music Palace Recording Studios, Inc., Michael A. Bona, Paul Scaturro, Anthony J. Doucette, Hit Management, LLC, Patrick J. O'Connell, and John Gore, alleging various causes of action for breach of contract, usurpation of corporate opportunity, misappropriation of trade secrets, tortious interference with contractual relations, civil conspiracy, copyright infringement, violations of the Lanham Act, and unjust enrichment.

Currently before the Court are motions by 2929 Entertainment, CBS Broadcasting, Inc., Rysher Entertainment, LLC, Anthony J. Doucette, Donnie Ienner, and Sony BMG Music Entertainment (collectively, the "Third-party Defendants") to dismiss the third-party complaint under Federal Rule of Civil Procedure 12(b)(6) and 14(a).

### I. BACKGROUND

The following facts are taken from the complaint unless otherwise noted. Doucette is a recording artist and performer who has been singing and dancing since the age of three. She has worked for Opryland Productions, Royal Caribbean Cruise Lines, and debuted on Broadway as a dancer in "The Wizard of Oz." Most notably, Doucette was chosen as the grand prize winner on the CBS television program entitled "Star Search."

On October 10, 1997, prior to her appearance on Star Search, Doucette signed an exclusive artist recording agreement (the "Agreement") with Vibe. The complaint alleges that one of the essential points of the Agreement was that Vibe would have a period of one year for the Plaintiff to make a limited number of recordings, which Vibe would then attempt to distribute through a major record company. The Agreement allegedly specifically provided that the Agreement would terminate if Vibe was unable to obtain a distribution agreement with a major record company during the first year. According to the complaint, Vibe never obtained

a distribution agreement, and thus under the terms, the agreement terminated as of May 16, 1999.

During the term of the Agreement, Doucette recorded five songs, two of which, entitled "Lovin' You" and "Color My World," were commercially released by Vibe as single songs. Vibe presently has possession of the audiotapes embodying the recordings made by Doucette. According to the complaint, Vibe was obligated to render royalty accountings on a periodic basis reflecting units sold and income derived from the commercial exploitation of the Plaintiff's recordings. However, Vibe allegedly never rendered any royalty accounting. The Plaintiff claims she is entitled to damages for this breach of the Agreement.

Doucette also alleges that several years after the agreement had terminated, Vibe, in an attempt to capitalize on Doucette's success as the Star Search winner, announced the release of a purported "new single" by Doucette. However, the claimed "new single" that was released was the same song "Lovin' You" produced by Vibe years before. In connection with the marketing and promotion of this recording, the Defendants also allegedly wrongfully appropriated the likeness of the Plaintiff and Star Search by using excerpts from her performance on Star Search and the Star Search logo without prior authorization or consent from CBS Inc.

According to the sparse factual allegations in the third-party complaint with regard to the Third-party Defendants, Vibe states that "[a]lthough [they were] aware that [the] Plaintiff was under contract with [the] Third-party Plaintiffs, [the] Third-party Defendants signed [the] Plaintiff to a competing contract with [the] Third-party Defendant Sony Music." Thereafter, Vibe alleges that it placed the Third-party Defendants "in a position of agency, trust, and confidence" and "transferred and made available certain confidential information and certain valuable intellectual, property rights without compensation for the same." In addition, Vibe alleges that the Third-party Defendants wrongfully utilized the song "Lovin' You" during Doucette's performance on Star Search without the permission or consent of Vibe.

As a result these alleged acts, Vibe seeks redress in the form of monetary and injunctive relief, including lost earnings and profits, as well as punitive damages. Vibe asserts a number of legal theories to support its position against the Third–Party Defendants involved in this motion, such as usurpation of corporate opportunity, misappropriation of trade secrets, tortious interference with contractual relations, civil conspiracy, copyright infringement, violations of the Lanham Act, and unjust enrichment.

The Third-party Defendants filed this motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and 14(a) contending that the claims asserted by Vibe are not related to, involved with, or derivative of the original claims asserted by Doucette, and thus are not proper in the context of a third-party action. In addition, the Third-party Defendants also argue that even if the complaint is proper under Rule 14(a), they nevertheless fail to state a claim under Rule 12(b)(6). In response, Vibe argues that the third-party complaint is sufficient, but requests "leave to amend their complaint against [the] Third–Party Defendant or to file a separate action against the Third–Party Defendants."

## II. DISCUSSION

### A. Third-party Practice Under Rule 14(a)

Rule 14(a) governs third-party practice in federal court. The rule states, in relevant part:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

Fed.R.Civ.P. 14(a).

Rule 14(a) was designed "to promote judicial economy by eliminating the need for a defendant to bring a separate action against a third-party who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's claim." *Hines v. Citibank, N.A.*, 96 CV 2565(RJW), 1999 WL

440616, *2 (S.D.N.Y. June 28, 1999) (citing *Gross v. Hanover Ins. Co.*, 138 F.R.D. 53, 54 (S.D.N.Y.1991)) (other citations omitted). "Although Rule 14(a)'s purpose is to promote judicial economy, ... the right to implead third parties is not automatic, and the decision whether to permit impleader rests within the sound discretion of the district court." *Consolidated Rail Corp. v. Metz*, 115 F.R.D. 216, 218 (S.D.N.Y.1987).

It is well-settled that a third-party action, also known as an impleader action, must be dependent on, or derivative of, the main claim. *Bank Of India v. Trendi Sportswear, Inc.*, 239 F.3d 428, 438 (2d Cir. 2000). In *Kenneth Leventhal & Co. v. Joyner Wholesale Co.*, 736 F.2d 29, 31 (2d Cir. 1984), the Second Circuit explained that when determining whether impleading a third-party is appropriate, the third-party defendant's liability to the third-party plaintiff must be "dependent upon the outcome of the main claim" or the third-party defendant must be "potentially secondarily liable *as a contributor* to the defendant." *Id.* (emphasis added) (citation omitted).

Generally, the traditional grounds for a third-party action are indemnification, contribution, or subrogation. *Int'l Paving Sys. Inc. v. Van–Tulco, Inc.*, 866 F.Supp. 682, 687 (E.D.N.Y.1994); *Telecom Intern. America, Ltd. v. AT & T Corp.*, No. 96 Civ. 1366(AKH), 1999 WL 777954, at *4 (S.D.N.Y. Sep 30, 1999). This general rule is only a result of the nature of the claims for contribution, subrogation and indemnification, which inherently seek secondary liability, but does not foreclose other types of claims in a third-party complaint. That said, regardless of the type of claim asserted, the "the third party must necessarily be liable over to the defendant for all or part of the plaintiff's recovery," or "the defendant must attempt to pass on to the third party all or part of the liability asserted against the defendant." *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751–52 (5th Cir.1967). In other words, "[t]he outcome of the third-party claim must be contingent on the outcome of the main claim...." *Nat'l Bank of Canada v. Artex Indus., Inc.*, 627 F.Supp. 610, 613 (S.D.N.Y.1986).

## B. Vibe's Third–Party Claims

Within the framework of Rule 14, a claim by claim analysis reveals that the allegations asserted against the Third–Party Defendants in the third-party complaint are not derivative or secondary to the Plaintiff's claims under any theory advanced by the Defendants. A third-party complaint "is a narrow device" and cannot be used to bring in other matters that may have some relationship to the case. *deHaas v. Empire Petroleum Co.*, 286 F.Supp. 809, 815 (D.Colo. 1968) (quoting 3 Moore's Federal Practice ¶ 14.04) (dismissing all claims in the third-party complaint seeking affirmative or injunctive relief against the third-party defendant); *see also Marshall v. Pointon*, 88 F.R.D. 566, 568 (W.D.Okl.1980) (dismissing third party complaint that was not be dependent on the outcome of the main action). For starters, it is clear from the forms of relief requested in the third-party complaint—punitive damages, injunction, lost earnings and profits—that the Defendants are not attempting to pass on all or part of the liability asserted by the Plaintiff, but seek affirmative and equitable relief above and beyond the relief sought by the Plaintiff.

In addition, all of the claims in the third-party complaint are unrelated to the narrow issues presented in the original complaint. The main action in this case involves a singer who entered into a recording contract, which Vibe allegedly breached by failing to account for royalties owed under the agreement. Doucette also brought claims for false advertising and claims relating to the unauthorized use of her likeness by Vibe. The third-party complaint does not assert that the Third–Party Defendants should be liable to Vibe for any of these claims brought by Doucette, but instead raises numerous independent causes of action. The third-party claims include usurpation of corporate opportunity, misappropriation of trade secrets, tortious interference with contractual relations, civil conspiracy, copyright infringement, violations of the Lanham Act, and unjust enrichment. None of these claims, if proven, would be derivative of or dependent on the liability asserted in the Plaintiff's claims.

In an analogous case, *Tyson v. Cayton*, No. 88 Civ. 8398(JFK), 1990 WL 209381, at *3 (S.D.N.Y. Dec.10,1990), the heavyweight boxer "Iron Mike" Tyson brought a breach of contract action against his former manager William D. Cayton and management companies, Sports of the Century, Inc., and Big Fights, Inc. The defendants then filed a third-party complaint against Don King and Don King Productions, Inc., alleging tortious interference, antitrust, and civil RICO. In "knocking out" the third-party complaint, the court recognized that "Rule 14(a) is limited to claims in which the third-party plaintiff 'can show that if he is found liable to the plaintiff then the third-party defendant will be liable to him.'" *Id.* (quoting *Unilease Computer Corp. v. Major Computer Inc.*, 126 F.R.D. 490, 492 (S.D.N.Y.1989)). The court also recognized that the defendants "could not properly allege a claim for contribution, because there is no possible way they could allege joint tort liability to Tyson." *Id.* at *5.

Similarly, here the claims in the third-party complaint cannot allege that the Third-Party Defendants are jointly liable to Doucette. The only claim that could arguably be somewhat factually related to the Plaintiff's claims is the claim for tortious interference with contractual relations. On this claim, Vibe argues that the Third-Party Defendants' action of signing Doucette to a competing contract either created the contractual breach or precluded the sale or marketing of the records and barred royalties under the Agreement. However, this argument does not support a claim for derivative or secondary liability. Assuming that the Third-Party Defendants did interfere with Vibe's contractual obligations by inducing Doucette to enter into a contract, such interference would support joint liability with Doucette, not with Vibe. This claim may be an independent claim for relief, but in no way is it secondary or derivative to Doucette's claim that Vibe breached the contract. Under the scenario alleged in the third-party complaint, the Third-Party Defendants' liability is dependant on Vibe's counterclaim asserted against Doucette for breach of contract, and not secondary to the main claim. Vibe cannot pass on its alleged liability for breaching the Agreement with Doucette to the Third-Party Defendants by claiming that the Third-Party Defendants caused Doucette to breach the Agreement. For this reason, the third-party action is improper pursuant to Rule 14(a) because it is not derivative of or dependent upon the main claim asserted by Doucette.

■ The Court finds that the third-party complaint must be dismissed for failure to properly plead a third-party claim, and denies Vibe's request for "a continuance and leave to amend their complaint against [the] Third-Party Defendant or to file a separate action against the Third-Party Defendants." It is the usual practice upon granting a motion to dismiss to allow leave to replead. *See, e.g., Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir.1990); *Devaney v. Chester*, 813 F.2d 566, 569 (2d Cir.1987); *Pross v. Katz*, 784 F.2d 455, 459–60 (2d Cir.1986). However, where a third party plaintiff is unable to allege, as a matter of law, any fact sufficient to support a claim, a complaint should be dismissed with prejudice. *Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir.1991). Therefore, the Court denies Vibe's request to amend its third-party complaint. As to Vibe's request "to file a separate action," the Court has no jurisdiction to authorize or prohibit Vibe from commencing an independent action against the Third-Party Defendants. Therefore, that request is also denied.

### III. CONCLUSION

For all the foregoing reasons, it is hereby

**ORDERED**, that the Third-Party Defendants' motion pursuant to Rule 14(a) to dismiss the third-party complaint is GRANTED; and it is further

**ORDERED**, that Vibe's request for "a continuance and leave to amend their complaint against [the] Third-Party Defendant or to file a separate action against the Third-Party Defendants" is DENIED; and it is further

**ORDERED**, that the remaining parties in this action are directed to contact United States Magistrate Judge William D. Wall

forthwith to set an expedited schedule for the completion of discovery.

SO ORDERED.