**UNITED STATES of America,
Plaintiff–Counter–Defendant–
Appellee,**

v.

**Ronald A. BROW, Defendant–Counter–
Claimant–Third–Party–Appellant,**

**Rutgers, State University of New
Jersey, Third–Party–
Defendant.**

**No. 06–2610–cv.**

United States Court of Appeals,
Second Circuit.

Feb. 29, 2008.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sandra L. Townes, Judge).

Ronald A. Brow, pro se, Long Island City, NY, for Appellant.

Douglas M. Fisher, Solomon & Solomon PC, Albany, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, ROSEMARY S. POOLER and ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Defendant–Counter–Claimant–Third–Party–Appellant Ronald A. Brow appeals from the entry of a default judgment by the District Court. On appeal, Brow argues that the District Court erred in entering a default judgment because (1) the Government did not properly serve the summons and complaint, in violation of Federal Rule of Civil Procedure 4; (2) he properly responded to the allegations in the complaint with "an answer and a counterclaim, pursuant to Federal Rules of Civil Procedure 7 and 8"; and (3) the District Court violated his constitutional rights, *inter alia*, by failing to give him "an opportunity to respond and defend in a [j]ury [t]rial." The government contends that Brow has not preserved any factual or legal issues for review and that his arguments present no basis for vacating the judgment. We assume the parties' familiarity with the facts, the issues on appeal, and the procedural history of this case.

We review the entry of a default judgment for an abuse of discretion. *See, e.g., D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir.2006).

A district court may enter a default judgment when a party has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, *see* Fed. R.Civ.P. 55. Here, Brow failed to file an answer or responsive pleading within the twenty-day period required by Federal Rule of Civil Procedure 12(a)(1)(A)(i). Indeed, his answer was not filed until five months after service of the complaint. His answer did not contain a proper proof of service. When the District Court notified him of the defects in his answer and proof of service, Brow failed to respond to the District Court's letter for seven months, over one year after the complaint was served.

As we have noted, "dispositions of motions for entries of defaults and default judgments ... are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir.1993). In the instant case, the District Court provided Brow with several opportunities to comply with the applicable rules and explained to him the deficiencies in his submissions. We find no reason to doubt the assessment of the District Court in the circumstances presented here.

We have considered all of Brow's arguments on appeal and find that all of them are without merit.

The judgment of the District Court is **AFFIRMED.**