10-1908-cv
United States v. Brow

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of January, two thousand twelve.

PRESENT:
> RALPH K .WINTER,
> PETER W. HALL,
> DENNY CHIN,
> > *Circuit Judges.*

––––––––––––––––––––––––––––––––––––––––––––

United States of America,

> *Plaintiff - Counter-Defendant - Appellee*,

> v.                                               10-1908-cv

Ronald A. Brow,

> *Defendant - Counter-Claimant -*
> *Third-Party Plaintiff - Appellant*,

> v.

Rutgers, State University of New Jersey,

> *Third-Party Defendant - Appellee*,

Government of the US Virgin Islands*,*

> *Defendant - Third-Party Defendant.*

––––––––––––––––––––––––––––––––––––––––––––

FOR APPELLANT:          Ronald A. Brow, *pro se*, Jamaica, NY.

FOR APPELLEES:          Nicole Bearce Albano, Lowenstein Sandler, PC, New York, NY, for Appellee Rutgers, State University of New Jersey. No appearance for the Government.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Townes, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** and the request for sanctions by Appellee Rutgers, State University of New Jersey, is **DENIED.**

Appellant Ronald A. Brow, proceeding *pro se*, appeals from the district court's dismissal of his third-party complaints against Appellee Rutgers, the State University of New Jersey ("Rutgers"). We construe Brow's appeal as taken from the dismissal of his third-party complaints in *United States v. Brow*, 05-cv-1607 (the "1607 action"), and *United States v. Brow*, 05-cv-1609 (the "1609 action"). *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256 (2d Cir. 1995) ("[W]e construe notices of appeal liberally, taking the parties' intentions into account."). Moreover, the district court's judgment in this matter brings up for our review all prior interlocutory rulings. *Cf. Anobile v. Pelligrino*, 303 F.3d 107, 115 (2d Cir. 2002). We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

I.     **Third-Party Complaints Against Rutgers**

Although the district court's judgment is labeled as a grant of judgment on the pleadings, the court had converted Rutgers' motion to one for summary judgment, as its

motion relied on matters outside the pleadings. We therefore treat the district court's judgment, with respect to the dismissal of Brow's third-party complaints, as a grant of summary judgment. *Cf. Eklof Marine Corp. v. United States*, 762 F.2d 200, 202 (2d Cir. 1985). In any event, we review *de novo* both the grant of a motion for judgment on the pleadings, *see Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010), and a motion for summary judgment, *see Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).

The district court dismissed Brow's third-party actions on the sole ground that he had failed to comply with the notice of claim requirements under the New Jersey Tort Claims Act, N.J.S.A. §§ 59:1-1 to 9-7 ("NJTCA"), which requires that a notice of tort claim be filed with a public entity no later than ninety days after the alleged incident. Although Brow does not raise any challenge on appeal to the district court's stated reasons for dismissal, courts have found, in certain circumstances, that the NJTCA's notice requirements do not apply to third-party claims against public entities. *See Wells v. Dillihay*, No. 07-4737, 2008 WL 2036812, at *4 n.9 (D.N.J. May 12, 2008) (citing *Beretta v. Cannon*, 219 N.J. Super. 147, 155 (Law Div. 1987); *Markey v. Skog*, 129 N.J. Super. 192, 206 (Law Div. 1974)).

Notwithstanding the district court ruling, we need not reach the application of the NJTCA, as we may affirm based on "any ground appearing in the record." *Freedom Holdings, Inc. v. Cuomo*, 624 F.3d 38, 49 (2d Cir. 2010). Brow's third-party complaints were practically devoid of factual allegations, aside from his contentions concerning Rutgers' response to a subpoena in an unrelated action, and contained only the most

3

conclusory of accusations against the university. Specifically, his contentions that Rutgers had committed fraud, negligence, and breach of fiduciary duty were supported by no relevant facts.[1] Pleadings of such deficient nature plainly warrant dismissal. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

Although a *pro se* litigant should generally be granted leave to amend his complaint "when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Shomo v. City of N.Y.*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks omitted), leave to amend need not be granted where amendment would be "futile," *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003). When faced with Rutgers' dispositive motion pointing out several pleading deficiencies, Brow attempted to file an amended third-party complaint that not only failed to correct the deficiencies of his original complaint, but asserted entirely new claims that were wholly unrelated to the original complaint or the underlying actions pertaining to his loan defaults. Likewise, to the extent that Brow alleged that Rutgers had wrongfully charged him (more than twenty-five years ago) for unspecified housing services he did not use, he has provided no details beyond this naked assertion, or explained how he could establish this claim beyond the use of police reports pertaining to an irrelevant incident involving a former student. Despite the leniency typically afforded to *pro se* litigants, amendment in this case would have been futile. Accordingly, we affirm on the ground that Brow's third-party complaints failed to state a plausible claim for relief.

---

[1] In his brief, Brow focuses on his underlying fraud claim against Rutgers. Moreover, he does not raise any specific contentions on appeal concerning the Fair Credit Reporting Act, fiduciary duty, or negligence claims that he raised in his third-party complaints. Accordingly, they are deemed abandoned. *See* Fed. R. App. P. 28(a)(9)(A); *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995).

**II.** **Vacatur of Default Against Rutgers, Default Judgment Entered Against Brow, and Denial of Leave to File an Amended Third-Party Complaint Against Rutgers and a Third-Party Complaint Against the Government of the U.S. Virgin Islands ("USVI")**

On appeal, Brow challenges the district court's vacatur of default against Rutgers, default judgment entered against him in the 1607 action, and denial of leave to file an amended third-party complaint against Rutgers and a third-party complaint against the USVI. We review these rulings only for abuse of discretion. *See Green v. Mattingly*, 585 F.3d 97, 104 (2d Cir. 2009) (leave to amend); *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001) (default and default judgment); *Kenneth Leventhal & Co. v. Joyner Wholesale Co.*, 736 F.2d 29, 31 (2d Cir. 1984) (per curiam) (permission to implead a third-party defendant).

Brow's challenges to the district court's vacatur of default as to Rutgers and denial of leave to file a third-party complaint against the USVI are without merit substantially for the reasons articulated by the district court in its rulings. *See United States v. Brow*, No. 05-1607 and No. 05-1609, 2008 WL 4534035 (E.D.N.Y. Sept. 30, 2008); *United States v. Brow*, No. 05-1607, 2009 WL 393645 (E.D.N.Y. Feb. 13, 2009). Additionally, as already concluded, leave to file an amended third-party complaint against Rutgers would have been futile. The district court therefore committed no abuse of discretion in denying his request.

Insofar as Brow seeks to challenge the default judgment entered against him in the 1607 action, his contentions are without merit substantially for the reasons already articulated by this Court in affirming the default judgment entered against him in the 1609 action. *See United States v. Brow*, 267 F. App'x 96 (2d Cir. 2008) (summary order). Although the district court's notice of the defects in his answer and proof of service was docketed only under the 1609 action, it is plain that Brow was aware of both actions and

5

filed answers in both actions containing the same defects.  A reasonable litigant would have understood that the court's advice (and the opportunity to correct the deficiencies) applied equally to both actions.  Brown's contention on appeal that he was not properly served with a summons and complaint is unsupported, and belied by the evidence submitted by the Government that service was properly effected.  Accordingly, the district court acted well within its discretion in entering default judgment against him in the 1607 action.

### III.    Rutgers' Request for Sanctions

Rutgers urges us to impose sanctions against Brow pursuant to Fed. R. App. P. 38, which provides that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."  This Court has generally imposed Rule 38 sanctions only in cases of blatant frivolity, bad faith, and/or repetitive filing.  *See, e.g.*, *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 119–20 (2d Cir. 2000); *Moore v. Time, Inc.*, 180 F.3d 463, 463–64 (2d Cir. 1999).  Brow's appeal, while devoid of merit, does not rise to the level of sanctionable conduct.  To the extent that Rutgers asks us to instruct the district court to provide Brow with a reasonable opportunity to show cause why a filing injunction should not be imposed against him, its request would be more appropriately directed to district court in the first instance.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED** and Rutgers' request for sanctions is **DENIED.**

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

6